UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

<u>Kevin Currington, et al.</u>

       v.                                                                                            Civil No. 25-cv-26-JL
                                                                                           Opinion No. 2025 DNH 074

<u>Sig Sauer, Inc.</u>

## **MEMORANDUM ORDER**

In this consolidated product liability action, the defendant Sig Sauer, Inc. moves to sever and transfer the plaintiffs' claims to their home districts, arguing that the claims are misjoined and improperly brought in this court. It also moves to dismiss the plaintiffs' claims for intentional and negligent infliction of emotional distress (IIED and NIED).

The plaintiffs are two owners or users of Sig Sauer's P320 pistol (and the wife of one, who brings a consortium claim). Both user-plaintiffs were allegedly injured by an unintentional discharge of a P320. The plaintiffs maintain that they did not touch or pull the trigger or otherwise intend to fire the weapon, but instead, that the P320's "defective nature" caused the discharge that injured them. None of the plaintiffs resides in New Hampshire, but Sig Sauer is headquartered in this state. Thus, venue is undisputedly proper in this court, which also has personal jurisdiction over Sig Sauer. *See* 28 U.S.C. § 1391(b)(1). This court also has subject-matter jurisdiction over the plaintiffs' claims under 28 U.S.C. § 1332 (diversity) because the parties are citizens of different states and the amount in controversy exceeds $75,000.

After considering the parties' written submissions and hearing oral argument, the court denies Sig Sauer's motion to sever and transfer, because joinder would promote

judicial efficiency by resolving related issues in a single lawsuit, as well as its partial motion to dismiss for the reasons set forth below.

## I. Background

For purposes of this order, the court recites the relevant facts from the plaintiffs' operative complaint, accepts those facts as true, and draws all reasonable inferences from those facts in the plaintiffs' favor. See *Martino v. Forward Air, Inc.*, 609 F.3d 1, 2 (1st Cir. 2010). The plaintiffs are two law enforcement officers and an officer's wife.[1] The plaintiffs reside in Texas. Each suffered injuries after their P320 discharged a round without any intentional firing by a shooter. The unintentional discharges occurred in Texas, the plaintiffs' home state, and arose under different factual scenarios but have several commonalities. Both the users' pistols were holstered, the users were not touching the trigger, did not intend to pull the trigger or otherwise fire the weapon, and did not drop the weapon, causing a so-called "drop fire." *Cf. Ortiz v. Sig Sauer, Inc.*, 448 F. Supp. 3d 89 (D.N.H. 2020). Moreover, neither of the plaintiffs' P320 pistols featured an external or manual safety.[2]

Sig Sauer designed and manufactured its P320 pistol in, and disseminated its marketing materials from, New Hampshire. In certain such materials for the P320 pistol,

---

[1] Three other similar lawsuits against Sig Sauer are pending before this court. See 1:22-cv-00536-JL (*Armendariz, et al. v. Sig Sauer, Inc.*), 1:25-cv-00058-JL (*Adams v. Sig Sauer, Inc.*), and 1:25-cv-00066-JL (*Willis v. Sig Sauer, Inc.*). In *Armendariz, et al. v. Sig Sauer, Inc.*, 1:22-cv-00536-JL, a consolidated case with over 20 plaintiffs, the court denied a similar motion to sever and transfer. See *Armendariz v. Sig Sauer, Inc.*, No. 1:22-CV-00536-JL, 2023 WL 4204666 (D.N.H. June 27, 2023).

[2] Compl. (doc. no. 1) at ¶¶ 13, 33.

2

Sig Sauer stated that it has "designed safety elements into every necessary feature on this pistol. From the trigger, to the striker and even the magazine, the P320 won't fire unless you want it to."[3] The court, drawing all inferences in favor of the plaintiffs, assumes that Sig Sauer knew or should have known about alleged design defects in the P320s, which lead to unintended discharges, before the plaintiffs' incidents in 2024. Plaintiffs' detailed allegations make this inference reasonable. *See* Part II(b)(ii), *infra*. First, they allege that P320 prototypes malfunctioned more than 200 times during testing, which led the Department of Defense to demand that Sig Sauer install an external safety on all military P320s. Second, they allege that discovery from numerous lawsuits filed against Sig Sauer since 2014 shows that Sig Sauer knew of at least 107 other incidents and injuries caused by the P320 in which the users reported they did not pull the trigger.[4] Finally, they allege that in August 2017, Sig Sauer instituted a "voluntary upgrade program" for the P320, which it nevertheless presented as non-urgent and unnecessary. These allegations are implicated by the plaintiffs' claim of negligent infliction of emotional distress. *See id*.

Plaintiffs assert claims for negligence, strict product liability, breach of express and implied warranty under RSA 382-A:2-313 and 314, IIED, NIED, and loss of consortium.

---

[3] *Id.* at 7.
[4] *Id.* at ¶¶ 73-75.

II.   <u>Analysis</u>

    a. **Motion to sever and transfer**

Fed. R. Civ. P. 20(a)(1) allows for permissive joinder of plaintiffs where a right to relief arises out of "the same transaction, occurrence, or series of transactions or occurrences" and there are common questions of law or fact to all the plaintiffs. Fed. R. Civ. Proc. 20(a)(1). Because "the joinder rules result in beneficial economies of scale and judicial efficiency by resolving related issues in a single lawsuit . . . the preconditions for permissive joinder are construed liberally in order to promote the broadest scope of action consistent with fairness to the parties." *Beaulieu v. Concord Grp. Ins. Co.*, 208 F.R.D. 478, 479 (D.N.H. 2002) (Muirhead, M.J.) (citing *Pujol v. Shearson/Am. Express Inc.*, 877 F.2d 132, 134 (1st Cir.1989) and *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966)). Under certain circumstances, the court, in its discretion, may sever misjoined claims, *see* Fed. R. Civ. P. 21, or "order a separate trial of one or more separate issues [or] claims[.]" Fed. R. Civ. P. 42(b). But "[a]s long as the parties meet the test for permissive joinder, courts generally allow joinder unless other considerations such as avoiding prejudice and delay, assuring judicial economy, or safeguarding fundamental fairness counsel otherwise." *Abraham v. Allen Mello Dodge, Inc.*, No. 11- CV-329-JD, 2011 WL 4625686, at *3 (D.N.H. Oct. 3, 2011) (DiClerico, J.).

The court views this motion to sever and transfer in much the same light as the substantially identical motion in *Armendariz et al. v. Sig Sauer, Inc.*, except that in this consolidated case there are more reasons to allow joinder, and fewer reasons to sever, than in *Armendariz*. *See Armendariz,* 2023 WL 4204666 at *2-3. As in *Armendariz*, Sig

Sauer does not meaningfully contend that the plaintiffs fail to satisfy the elements of Rule 20(a)(1), instead focusing on the potential prejudice and confusion that could result from a joint trial of the plaintiffs' claims.[5]  Unlike *Armendariz*, this case involves only two plaintiffs who were injured in the same state in similar circumstances: law enforcement officers in Texas who were shot in the leg by their holstered pistols while they were walking or standing near their police cruisers.  Because the cases here are more similar to each other than the range of cases in *Armendariz*, there is less chance here of prejudice from jury confusion, and fewer potential witnesses that may need to be identified or compelled to testify.[6]  And, assuming that the court found that substantive state law from outside New Hampshire should apply to one or more of the claims, in this case the same state's law would apply to both as both plaintiffs live and were injured in Texas.[7]

As in *Armendariz*, the court will consider structuring the case schedule with an alternative to a consolidated joint trial in mind, should the parties choose.  And as in *Armendariz*, the defendant's concerns about compelling non-party witness testimony that is beyond the scope of this court's subpoena power are well taken and will factor into the court's later consideration of whether some alternative to a consolidated trial in this district is warranted.  Sig Sauer's motion to sever and transfer is accordingly denied without prejudice to its ability to re-raise similar arguments at a later procedural stage.

---

[5] *See* Def.'s Motion to Sever and Transfer, 1:22-cv-00536-JL, doc. no. 32.
[6] *See id*. at 10-11 (arguing that the dissimilarities in the consolidated cases could carry "significant risk of jury confusion" and unfair prejudice to the defendant).
[7] *See id*. at 11-12 (arguing that the substantive laws of thirteen different states could apply to the claims, resulting in jury confusion).

b. **Partial motion to dismiss**

Defendants seek to dismiss Counts 5 and 6, for IIED and NIED respectively.[8] They argue that the claims fail because the alleged conduct was not "extreme or outrageous or beyond all possible bounds of decency," as required for an IIED claim, and because Sig Sauer did not owe plaintiffs a duty of care, nor were their injuries reasonably foreseeable absent a recall of the pistol, as required for a NIED claim.

A defendant may move to dismiss for the plaintiff's "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). On a motion to dismiss, a court takes a plaintiff's factual allegations in the complaint as true, and draws all reasonable inferences from those facts in the plaintiffs' favor. *See Forward Air*, 609 F.3d at 2. "The relevant inquiry focuses on the reasonableness of the inference of liability that the plaintiff is asking the court to draw from the facts alleged in the complaint." *Ocasio-Hernández v. Fortuno-Burset*, 640 F.3d 1, 13 (1st Cir. 2011). "If the factual allegations in the complaint are too meager, vague, or conclusory to remove the possibility of relief from the realm of mere conjecture," dismissal is appropriate. *Newman v. Lehman Bros. Holdings Inc.*, 901 F.3d 19, 25 (1st Cir. 2018) (internal quotations omitted).

---

[8] The parties' briefing included a choice-of-law dispute (New Hampshire vs. Texas) that, they argued, had implications for both the dismissal motion, and, more indirectly, the venue transfer motion. At the outset of oral argument Sig Sauer abandoned its argument that Texas substantive law applies to the IIED or NIED claims. The court thus analyzes the claims under New Hampshire law. Having invested significant time and related judicial resources into the consideration of those now-abandoned arguments, the court requests that counsel provide earlier notification of such litigation decisions going forward.

### i. Intentional infliction of emotional distress

New Hampshire is one of many states to adopt the Restatement (Second) of Torts §46 for IIED, requiring that intentional or reckless conduct by the defendant caused the plaintiff severe emotional distress. "To state a claim of intentional infliction of emotional distress in New Hampshire, a plaintiff must allege that a defendant: (1) by extreme and outrageous conduct, (2) intentionally or recklessly caused (3) severe emotional distress." *Doe v. W. Alton Marina, LLC*, 646 F. Supp. 3d 315, 321-22 (D.N.H. 2022) (citing *Morancy v. Morancy*, 134 N.H. 493, 496 (1991)). To make out a claim of IIED, the defendant's conduct must be "so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency and to be regarded as atrocious, and utterly intolerable in a civilized community." *See Asselin v. Waldron*, No. CIV. 02-330-M, 2004 WL 57083, at *10 (D.N.H. Jan. 13, 2004) (McAuliffe, J.) (quoting Restatement (Second) of Torts § 46 cmt. D (1965)).[9]

The court is skeptical that the defendant's conduct as alleged amounts to IIED. The plaintiffs have not alleged that, in designing the P320, failing to recall the pistols, or failing to warn about its potential malfunction, and instead issuing only a "voluntary upgrade program," Sig Sauer intended to cause the plaintiffs emotional distress, and the

---

[9] Sig Sauer argues for the additional requirement that the defendant's conduct be "directed at" the plaintiffs. *See, e.g. Ahern v. Sig Sauer, Inc.*, No. 21-CV-11007-DJC, 2021 WL 5811795, at *4 (D. Mass. Dec. 7, 2021) ("The complaint contains no allegations that Sig Sauer's decision not to issue a mandatory recall, but rather a Voluntary Upgrade Program … was directed at him and intended to cause him emotional distress."). Finding no express adoption of that requirement in New Hampshire law, the court declines to apply it in the procedural posture of a pre-discovery motion to dismiss.

complaint contains only cursory allegations that the plaintiffs suffered extreme emotional distress "so severe that no reasonable man could be expected to endure it." See *Orono Karate, Inc. v. Fred Villari Studio of Self Def., Inc.*, 776 F. Supp. 47, 51 (D.N.H. 1991) (Devine, C.J.).  At least one court, applying law from another jurisdiction that has adopted IIED based on the Restatement (Second) of Torts § 46, found that Sig Sauer's actions with respect to the P320 pistol's possible defects did not state a claim of IIED.  See *Ahern v. Sig Sauer, Inc.*, No. 21-CV-11007-DJC, 2021 WL 5811795, at *4 (D. Mass. Dec. 7, 2021) (dismissing IIED claim for a plaintiff with similar injuries from a Sig Sauer P320 pistol).  There the court found that Sig Sauer's alleged conduct was not sufficiently beyond the bounds of decency, the conduct was not directed at the plaintiff, the plaintiffs had not alleged that Sig Sauer intended or was reckless to the risk of emotional distress, and the plaintiffs had not alleged specific facts regarding the severity of their emotional distress. *Id.*

Nevertheless, the court views the IIED claim as better suited for dismissal at summary judgment, rather than at this stage.  The *Restatement* suggests that, for both the severity of the defendant's conduct and the plaintiff's emotional suffering, while "[i]t is for the court to determine whether on the evidence severe emotional distress [or outrageous conduct] can be found; it is for the jury to determine whether, on the evidence, it has in fact existed." *Caputo v. Bos. Edison Co.*, 924 F.2d 11, 14 (1st Cir. 1991) (quoting Restatement (Second) of Torts (1965) at §46 cmt. j); *see also* Restatement (Second) of Torts §46 cmt. h ("Where reasonable [people] may differ, it is for the jury, subject to the control of the court, to determine whether, in the particular case, the

8

conduct has been sufficiently extreme and outrageous to result in liability."). Thus, even if the court is skeptical that the defendants' alleged conduct or the plaintiffs' alleged suffering meets the standard for IIED, at this stage, under the particular circumstances involved in this case, as well as the negligible impact the survival of this claim will have on discovery or settlement prospects, the better course is to deny the motion in this procedural posture, perhaps evaluating the claim later under Rule 56 or Rule 50.

ii. **Negligent infliction of emotional distress**

To make out a claim of NIED, a plaintiff must show "(1) causal negligence of the defendant; (2) foreseeability; and (3) serious mental and emotional harm accompanied by objective physical symptoms." *Tessier v. Rockefeller*, 162 N.H. 324, 342 (2011) (quoting *O'Donnell v. HCA Health Servs. of N.H.,* 152 N.H. 608, 611 (2005)). "To recover for negligently inflicted emotional distress, a plaintiff must prove physical manifestations of the distress." *Hudson v. Dr. Michael J. O'Connell's Pain Care Ctr., Inc.,* 822 F. Supp. 2d 84, 98 (D.N.H. 2011) (DiClerico, J.) (citing *O'Donnell v. HCA Health Servs. of N.H., Inc.,* 152 N.H. 608, 611 (2005)).

As with the IIED claim, the court is skeptical that the plaintiffs' claims meet the standard for NIED, but views the count (in *this* case, under the present facts and circumstances) as more appropriate for evaluation at summary judgment than based on the bare allegations of the complaint. The plaintiffs alleged facts allowing a reasonable inference that the defendant knew of the unintended discharge issue with the P320. The court also notes that while it argues in its motion that "it is neither foreseeable nor negligent to refrain from recalling a firearm product when there is no evidence that the

9

product can discharge without a trigger pull," [10] Sig Sauer does not challenge the bodily injury negligence claim (Count 1) at this stage. Thus, the court finds that the complaint sufficiently states a claim of negligence, and that the plaintiffs' alleged emotional distress was reasonably foreseeable. The plaintiffs met the third element by alleging facts, sufficient at the pleading stage, of severe emotional distress, including nightmares, anxiety, and traumatic stress, physically manifested in sleeplessness.[11] *See Hudson,* 822 F. Supp. 2d at 98. Because the plaintiffs sufficiently alleged a claim of NIED, the court denies the defendants' motion to dismiss Count 6.

### III. Conclusion

For the reasons stated above, the court denies the defendant's motion to sever and transfer[12] and its partial motion to dismiss.[13]

SO ORDERED.

*[signature: Joe Laplante]*

Joseph N. Laplante
United States District Judge

Dated: June 17, 2025

---

[10] Mot. Dismiss (doc. no. 7) at 11.
[11] Compl. (doc. no. 1), at ¶¶ 154-55.
[12] Doc. no. 10.
[13] Doc. no. 7.