UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF NEW HAMPSHIRE

| | | |
|---|---|---|
| KEVIN CURRINGTON AND TERRI JEAN CURRINGTON H/W, | : : : | CIVIL ACTION NO.: |
| and | : : | 1:25-cv-26-JL-AJ |
| HUNTER GALLY, | : : : | |
| Plaintiffs, | : : | |
| v. | : : | |
| SIG SAUER, INC., | : : | |
| Defendant. | : | |

**DISCOVERY PLAN**
**Fed. R. Civ. P. 26(f)**

**DATE/PLACE OF CONFERENCE:** July 28, 2025, via telephone.

**COUNSEL PRESENT/REPRESENTING**: Jeffrey Bagnell (*admitted pro hac vice*) for Plaintiffs, and Keith Gibson (*admitted pro hac vice*) for Defendant.

**CASE SUMMARY**

**THEORY OF LIABILITY**: Plaintiffs are two of hundreds of law enforcement agents injured by the Sig Sauer P320. Plaintiffs' immediate action is premised on the theory that the Sig Sauer P320 pistol is a defective product. The defects alleged are the same across all P320 pistols. Plaintiffs' Complaint alleges seven causes of action: Negligence, Strict Products Liability, Breach of Implied Warranty of Merchantability, Breach of Express Warranty, Intentional Infliction of Emotional Distress, Negligent Infliction of Emotional Distress, and Loss of Consortium (Plaintiff Jean Currington). Plaintiffs allege the P320 is defective because it is unreasonably susceptible to unintended discharges due to its poor build quality, loose tolerances, precarious striker/sear interface, short trigger pull and the absence of any external safety.

**THEORY OF DEFENSE**: Sig Sauer contends the P320 model pistol, which is the firearm of choice for not only the United States Army but many law enforcement agencies, is safe as designed and not defective. Multiple, redundant internal safeties prevent the pistol from firing without the trigger being pulled or actuated. This is borne out by the fact that nobody has ever replicated a P320 pistol firing without trigger actuation. The P320 model pistol is available for purchase with a manual safety which locks the trigger and prevents it from being pulled – intentionally or inadvertently – by the user. Discovery is necessary to fully understand the nature and circumstances of Plaintiffs' incidents.

**DAMAGES**: As a result of the alleged defects of the P320, Plaintiffs sustained gunshot injuries to their right legs with scarring and permanent impairment. Plaintiffs also claim they suffered emotional and psychological injuries, as well as economic injuries including past and future income loss and past and future medical expenses.

**JURISDICTIONAL QUESTIONS**: None.

**QUESTIONS OF LAW:** None presently, apart from questions of law arising from Plaintiffs' substantive claims and the defenses available to Defendant. Defendant has raised an issue regarding the proper state law to apply to Plaintiffs' claims, which the Court has indicated will be resolved later in the litigation. Defendant has reserved its right to raise the arguments previously made in its motion to sever and transfer, which was denied without prejudice to re-raise similar arguments at a later procedural stage.

**TYPE OF TRIAL**: Jury.

## SCHEDULE

**TRACK ASSIGNMENT:** The parties propose the complex track.

**TRIAL DATE:** July 15, 2027

**DISCLOSURE OF CLAIMS AGAINST UNNAMED PARTIES:** October 17, 2025

**AMENDMENT OF PLEADINGS:**

   Plaintiff: August 15, 2025  Defendant:     September 1, 2025

**JOINDER OF ADDITIONAL PARTIES:**

   Plaintiff: September 17, 2025    Defendant:     October 17, 2025

**THIRD-PARTY ACTIONS**: Not Applicable

**MOTIONS TO DISMISS:** Adjudicated.

**DATES OF DISCLOSURE OF EXPERTS AND EXPERTS' WRITTEN REPORTS AND SUPPLEMENTATIONS:**

   Plaintiff: July 3, 2026          Defendant:     August 17, 2026

   Supplementations under Rule 26(e) due:   September 1, 2026

   The parties agree to use the form of expert report specified in Fed. R. Civ. P. 26(a)(2).

**COMPLETION OF DISCOVERY:** October 1, 2026

**MOTIONS FOR SUMMARY JUDGMENT:** November 2, 2026.

**CHALLENGES TO EXPERT TESTIMONY:** November 2, 2026.

## **DISCOVERY**

**DISCOVERY NEEDED:** Plaintiffs will conduct discovery including but not limited to: (A) the design, manufacturing and testing of the P320 from 2013 to present; (B) the scope of the distribution of the P320, including number and locations of sales, warranty claims, and reports of defects and malfunctions; (C) other similar incidents of unintended discharges; (D) inspection of physical evidence; (E) discovery related to Plaintiff's theories of liability and damages.

Sig Sauer will need to conduct discovery on the occurrence of the subject incidents, the investigations conducted into the incident, and the plaintiffs' injuries and claimed damages. Sig Sauer's expert will need to inspect the physical evidence as to each incident, including the subject pistol, any holster, and any other physical evidence. Sig Sauer will also need to conduct a CT-scan of the subject pistol as has been done in prior actions. Sig Sauer may also require an independent medical examination of plaintiffs. Sig Sauer may also conduct discovery into other similar incidents of unintended discharges with other striker-fired pistols. Finally, expert discovery regarding plaintiff's damages as well as the theory of defect and causation will be required.

**MANDATORY DISCLOSURES (Fed. R. Civ. P. 26(a)(1)):**
The parties agree to Rule 26(a)(1) disclosures. To the extent the parties engage in ESI, they will confer and agree on ESI discovery protocols.

**INTERROGATORIES**: The parties propose a maximum of 25 interrogatories each. Answers to Interrogatories will be due 30 days after service unless otherwise agreed pursuant to Fed. R. Civ. P. 29.

**REQUESTS FOR ADMISSION:** The parties propose a maximum of 25 requests for admission. Answers to requests for admission due 30 days after service unless otherwise agreed pursuant to Fed. R. Civ. P. 29.

**DEPOSITIONS:** The parties propose a maximum of 10 depositions for the plaintiff and 10 depositions for the defendant. Each deposition is limited to a maximum of 7 hours unless extended by agreement of the parties.

**ELECTRONIC INFORMATION DISCLOSURES (Fed. R. Civ. P. 26(f)):**
The parties will discuss ESI discovery protocols if needed. Counsel for plaintiff and Sig Sauer have engaged in discovery in several other actions and have not had any issues with the format of electronic discovery produced in those cases.

**STIPULATION REGARDING CLAIMS OF PRIVILEGE/PROTECTION OF TRIAL PREPARATION MATERIALS (Fed. R. Civ. P. 26(f)):**

The parties anticipate entering into a proposed protective order during discovery and will prepare and provide a copy to the Court for consideration.

## OTHER ITEMS

**SETTLEMENT POSSIBILITIES:** Settlement is unlikely.

**JOINT STATEMENT RE: MEDIATION:** The parties are in agreement that mediation is unlikely to be beneficial at this time.

**TRIAL ESTIMATE:** 10 trial days.

**WITNESSES AND EXHIBITS:**

- Witness and exhibit lists, included in final pretrial statements, are due 10 days before final pretrial conference but not less than 30 days before trial.

- Objections are due 14 days after filing of final pretrial statements.

**PRELIMINARY PRETRIAL CONFERENCE:** The Court has scheduled a preliminary pretrial conference for August 18, 2025 and the parties request that the schedule be discussed during the pretrial conference before the scheduling order is entered.

**OTHER MATTERS:** None at present.

Dated: July 28, 2025

| | |
|---|---|
| /s/ Jeffrey S. Bagnell | /s/ Brian Keith Gibson |
| Jeffrey S. Bagnell (*Admitted Pro Hac Vice*) | Brian Keith Gibson (*Admitted Pro Hac Vice*) |
| Jeffrey S. Bagnell, Esq. LLC | Christopher Monson, NH Bar # 274162 |
| 55 Post Road West, Suite 200 | Littleton Joyce Ughetta & Kelly LLP |
| Westport, Connecticut 06880 | 4 Manhattanville Road, Suite 202 |
| Tel: (203) 984-8820 | Purchase, New York 10577 |
| jeff@bagnell-law.com | Tel: (914) 417-3400 |
| | keith.gibson@littletonjoyce.com |
| | christopher.monson@littletonjoyce.com |
| | |
| /s/ Benjamin King | /s/ Kristen E. Dennison |
| Benjamin T. King, NH Bar # 12888 | Kristen E. Dennison (*Admitted Pro Hac Vice*) |
| Douglas, Leonard & Garvey, P.C. | Littleton Joyce Ughetta & Kelly LLP |
| 14 South Street, Suite 5 | 2460 N. Courtenay Pkwy, Suite 204 |
| Concord, NH 03301 | Merritt Island, Florida 32953 |
| Tel: (603) 224-1988 | Tel: (321) 574-0280 |
| benjamin@nhlawoffice.com | kristen.dennison@littletonjoyce.com |
| | |
| *Attorneys for Plaintiffs* | *Attorneys for Defendant* |