UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

Kevin Currington, et al.

    v.                              Civil No. 25-cv-26-JL-AJ

Sig Sauer, Inc.

## ORDER AFTER PRELIMINARY PRETRIAL CONFERENCE

The Preliminary Pretrial Conference was held in chambers on August 18, 2025. **Please review pp. 3-4 of this order setting forth the court's policy encouraging opportunities for less-experienced attorneys.**

The Discovery Plan (document no. 24) is approved as submitted, to the extent reflected or modified below:

- Close of discovery[1] – 10/1/2026
- Expert challenges – 5/24/2027
- Summary judgment deadline[2] – 11/2/2026
- Mid-Litigation Discovery Status Conference – 10/2/2026 @ 2:00 pm
- Joint Status Report – 9/30/2026

---

[1] The parties are advised that the court considers the deadline for the completion of discovery to be a deadline by which discovery is to be completed––not a deadline by which discovery is to be served. Propounding parties shall ensure that enough time remains in the discovery period for the recipient to provide its responses by that deadline. Where Federal Rule 33(b)(2), 34(b)(2), or 36(a)(3) would call for a response after the deadline, the recipient need not provide a response.

[2] The parties may move for summary judgment on any issue at any time prior to this deadline. They are advised, however, that any motions for summary judgment that are directed at discrete issues and filed well before the close of discovery are unlikely to receive expeditious treatment.

- Jury trial – 8/3/2027

**Discovery disputes**.  Discovery disputes will be handled by the undersigned judge, as opposed to the Magistrate Judge, in the normal course.  No motion to compel is necessary.  The party or counsel seeking discovery-related relief should confer with adverse counsel to choose mutually available dates, and then contact the Deputy Clerk to schedule a conference call with the court.  The court will inform counsel and parties what written materials, if any, should be submitted in advance of the conference call.

Customary motions to compel discovery, while disfavored by the undersigned judge, are nonetheless permissible.  If counsel prefer traditional discovery litigation to the conference call procedure set forth above, any such motion to compel should expressly request, in the title of the motion, a referral to the United States Magistrate Judge.  Such referral requests will normally be granted.  If the Magistrate Judge is recused, alternate arrangements will be made.

**Mid-Litigation Status Conference**.  The court will hold a mid-litigation status conference one month before the summary judgment deadline.  Counsel shall be prepared to discuss the status of discovery, upcoming dispositive motions (or other significant motions such as those seeking the exclusion of expert testimony), settlement prospects, and any other issues the parties' counsel or the court wish to address.  Counsel may, but are not required, to jointly file a status report summarizing those issues (and any other appropriate topics) no later than 48 hours before the conference.

**Summary Judgment.**  The parties and counsel are advised that compliance with Rule 56(e) and Local Rule 7.2(b), regarding evidentiary support for factual assertions, and specification and delineation of material issues of disputed fact, will be required.

2

**Oral argument on dispositive motions**. Counsel and the parties should anticipate that oral argument will be held on all dispositive motions. Any party preferring that such a motion be decided on the written filings alone should so notify the clerk.

**Policy encouraging practice by less experienced attorneys.** In those cases in which attorneys of different experience levels represent one party to the litigation, the court strongly encourages the active participation of attorneys with less than five years' experience in all court proceedings, including initial scheduling conferences, status conferences, hearings on discovery, **argument on dispositive motions, and examination of witnesses at evidentiary hearings and trials**. This is particularly true when the less experienced attorney was involved in drafting the papers germane to the proceeding.

To that end, the court provides the following guidance for counsel in criminal and civil cases:

- A request for oral argument (and any scheduling request) may be given more consideration if it is represented that a less experienced attorney will argue the motion or objection.

- Lead counsel may split the issues to be addressed at the oral argument with a less experienced attorney, particularly in more complex matters. In other words, more experienced senior counsel may be heard and participate to the extend deemed necessary, even when permitting less experienced junior counsel to handle an argument.

- Lead counsel may address issues argued by the less experienced attorney to clarify important points if necessary. In other words, more experienced senior counsel may be heard and participate to the extent deemed necessary, even when permitting less experienced junior counsel to handle an argument.

- Less experienced attorneys should be given the opportunity to examine witnesses in evidentiary proceedings, whether before a judge or jury.

The court acknowledges that client expectations may factor into these decisions and leaves it to the discretion of counsel to determine how to staff the case. While the court understands the different experience level of the attorneys, all counsel must be appropriately prepared. For example, any attorney who is arguing a motion is expected to be thoroughly familiar with the factual record and applicable law pertinent to that motion. And the court will expect all attorneys to have a degree of authority commensurate with the proceeding that they are handling. For example, an attorney appearing at a scheduling conference ordinarily should have the authority to propose and agree to a discovery schedule and any other matters reasonably likely to arise at the conference. Counsel are encouraged to seek additional guidance from the court in particular cases concerning the scope or application of this policy.

**SO ORDERED.**

_____
Joseph N. Laplante
United States District Judge

Dated: August 18, 2025

cc: Counsel of Record